**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LARRY JAMES RAINEY** | § | |
| **TDCJ-CID #560039,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **C.A. NO. C-06-097** |
| | § | |
| **DR. MAXIMILIANO HERRERA, ET AL,** | § | |
| **Defendants.** | § | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

Pending is plaintiff's motion for leave to file a supplemental amended complaint.
(D.E. 38).  The motion is denied without prejudice.

## I.  Background

Plaintiff, a Texas state prisoner, filed this lawsuit on February 21, 2006, claiming that

Dr. Maximiliano Herrera and Nurse Donna Randall were deliberately indifferent to his

serious medical needs because they failed to diagnose his injuries or to treat his pain properly

following an inmate assault on February 14, 2004. (D.E. 1).  Defendants moved for summary

judgment as to plaintiff's claims arising between February 6, 2004 and August 26, 2004,

(D.E.17, 20).   On December 14, 2006, it was recommended that defendants' motion be

granted (D.E. 21), and on April 5, 2007, summary judgment was granted in defendants'

favor.  (D.E. 31).[1]  Defendants then filed a supplemental motion for summary judgment,

seeking judgment for claims arising after August 26, 2004.  (D.E. 30).  By Memorandum and

---

[1] On May 3, 2007, plaintiff filed a Notice of Appeal of the order entered on April 23, 2007;
however, no order was entered on that day.  It is unclear what order plaintiff is appealing.

Recommendation entered April 13, 2007, it was recommended that defendants' supplemental motion be granted.   (D.E. 32).  The supplemental motion for summary judgment and recommendation thereon are still pending.

## II.  Motion to supplement

In his motion for leave to supplement (D.E. 38), plaintiff seeks to add a state-law claim against defendants for intentional infliction of emotional distress.  Plaintiff argues that, since August 2005, defendants have denied him pain medication for his pseudoarthritis.  He claims that the denial of proper pain medication has caused him to suffer lower back pain, which in turn, has caused him to suffer headaches.  Plaintiff maintains that the headaches have, in turn, caused him to suffer constant feelings of paranoia, thoughts of suicide, loss of sleep, and loss of association.  He argues that, because he cannot get medical attention elsewhere, he is under emotional distress, and that this emotional distress is affecting him physically and mentally, causing him headaches and chest pain, and that these conditions could lead to ulcers and other health problems.

## III.  Discussion

Rule 15of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Determining when justice requires permission to amend rests within the discretion of the trial court.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Little v. Liquid Air. Corp., 952 F.2d 841, 846 (5th Cir. 1992).  In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors,  undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment.  Foman v. Davis, 371 U.S. 178, 182 (1962). See also J.R. Stripling v. Jordon prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (amendment should be denied if futile).

The District Court has supplemental jurisdiction over a claim of intentional infliction of emotional distress.  28 U.S.C. § 1367.  In order to prevail a claim of intentional infliction of emotional distress, plaintiff must demonstrate that the defendant "acted intentionally or recklessly, that the conduct was extreme and outrageous, and that the conduct caused him severe emotional distress."  Brennan v. Mercedes Benz, 388 F.3d 133, 136 (5th Cir. 2004) (citing Tex. Farm Bureau Mut. Ins. Cos. v. Sears, 84 S.W.3d 604, 610 (Tex. 2002)).  The conduct must have been "'so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.'" Id. (quoting Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993)).

Based upon the summary judgment evidence presented, it is doubtful that plaintiff could present  sufficient evidence to support this standard.  As discussed in the earlier recommendations, plaintiff's claims against defendants amount to no more than a disagreement with medical treatment he received.  Morever, even without making specific findings on the merits of plaintiff's claim, if the District Court accepts the recommendations on summary judgment and dismisses all of plaintiff's federal claims with prejudice, the

3

general rule is that the District Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.  Robertson v. Neuromedical Center, 161 F.3d 292, 296 (5th Cir. 1998) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130 (1966)).

Accordingly, plaintiff's motion to supplement his complaint (D.E. 38) is denied without prejudice.  If the District Court declines to accept the recommendation to grant summary judgment in favor of defendants, plaintiff may renew his motion.  Otherwise he is free to pursue his state law claim in state court.

ORDERED this 25th day of July, 2007.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

4